UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

NANCY CALDAROLA,

                                                                         Plaintiff,

                    -v-

VERANO HOLDINGS, LLC and VERANO HOLDINGS
CORP.,

                                                                         Defendants.

21 Civ. 8647 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

       Plaintiff Nancy Caldarola ("Caldarola") invokes subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. Dkt. 5 ¶ 8. As pled, defendant Verano Holdings, LLC (the "LLC") is a limited liability company. Caldarola implies that defendant Verano Holdings Corp. (the "Corporation") and the LLC ceased to be separate entities for the purposes of diversity jurisdiction when the Corporation became the parent of the LLC in or about February 2021, prior to the filing of the Complaint, with the consequence that only the Corporation's citizenship would matter for the purposes of diversity jurisdiction. *Id.* ¶ 4. However, in conflict with Caldarola's theory, the Complaint lists both the Corporation and the LLC as distinct defendants, attorneys have appeared for both defendants, Dkt. 6, and both defendants have executed waivers of service, Dkts. 7, 8.

       By **November 5, 2021**, the parties are directed to file a joint letter setting out (1) each party's views as to whether the Corporation and the LLC were separate entities for the purposes of diversity jurisdiction at the time of filing the Complaint in this action, (2) whether there is diversity jurisdiction here, and if so on what basis, and (3) the identity and citizenship of all

members of the LLC.

The Court reminds counsel that a complaint that names a limited liability company as a party must allege (1) the citizenship of natural persons who are members of the limited liability company and (2) the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company. Accordingly, if plaintiff wishes to persist in naming the LLC as a defendant, by **November 12, 2021**, plaintiff shall amend its pleading to allege the citizenship of each constituent person or entity of the LLC. *See Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). If plaintiff retains the LLC as a defendant but is unable to amend by the foregoing date to truthfully allege complete diversity based upon the citizenship of each constituent person or entity of the LLC, then the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction. *See Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power.").

SO ORDERED.

                                                                *Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 29, 2021
       New York, New York